IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EL CHICO RESTAURANTS OF TEXAS, INC. d/b/a CANTINA LAREDO**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:09-CV-2294-L** |
| **CHRISTOPHER CARROLL and MEXICAN INN OPERATIONS #2, LTD. d/b/a CASA RITA MEXICAN GRILL**, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Interdivisional Transfer, filed February 22, 2010. After careful consideration of the motion, response, reply, appendices, record, and applicable law, the court determines that venue is proper in the Northern District of Texas and that interdivisional transfer is not warranted. The court therefore **denies** Defendants' Motion for Interdivisional Transfer pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1404(a).

Plaintiff El Chico Restaurants of Texas, Inc. d/b/a Cantina Laredo ("Plaintiff" or "Cantina Laredo") is a corporation with its principal place of business in Dallas, Texas. Defendant Mexican Inn Operations #2, Ltd. d/b/a Casa Rita's Mexican Grill ("Casa Rita's") has its principal place of business in Arlington, Texas. Defendant Christopher Carroll ("Carroll") resides in Arlington, Texas. Both Carroll and Casa Rita's (collectively, "Defendants") reside in Tarrant County, Texas.

This is a trademark infringement case originally filed in the Dallas Division. Defendants ask the court to transfer this action to the Fort Worth Division of the Northern District of Texas based on Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a). Defendants argue

**Memorandum Opinion and Order – Page 1**

that venue is improper in the Dallas Division because none of the events or omissions giving rise to the claim occurred in the Dallas Division, and Defendants do not reside in the Dallas Division. Alternately, Defendants contend that for the convenience of the witnesses and in the interest of justice, Fort Worth is the better venue for this action.

In a civil action where jurisdiction is not founded solely on diversity of citizenship, venue is proper in either a judicial district where the defendant resides, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or in which a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1)-(2). Venue is also proper in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *Id.* § 1391(b)(3).

With respect to § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying § 1404(a), a district court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative

**Memorandum Opinion and Order – Page 2**

> difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Volkswagen I*, 371 F.3d at 203 (citations omitted).

Defendants reside in Tarrant County and assert that all of the events or omissions giving rise to this claim occurred in the Fort Worth Division. Plaintiff's principal place of business is in Dallas. Although Plaintiff's local counsel is also located in Dallas, the location of counsel is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d at 434.

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas and that Defendants reside in this District, which encompasses the Forth Worth and Dallas Divisions as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). Therefore, venue is appropriate in the Northern District of Texas and transfer under 12(b)(3) is not warranted. *See* 28 U.S.C. § 1391(b)-(c). The question that must be resolved is whether the court should transfer this action from the Dallas Division to the Fort Worth Division pursuant to 28 U.S.C. § 1404(a).

Transfer of venue under § 1404(a) is at the discretion of the court, considering "[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") (citing *Gulf Oil Corp. v. Gilbert*,

**Memorandum Opinion and Order – Page 3**

330 U.S. 501, 507 (1947)). A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't,* 337 F.3d at 434. The moving party, however, must "demonstrate[] that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 315. The court determines that this action could have been originally filed in the Fort Worth Division and now considers the eight *Gilbert* factors to determine whether it should be transferred to that division.

It is clear to this court that six of the factors—relative ease of access to sources of proof, availability of compulsory process to secure the attendance of witnesses, practical problems that make the trial of the case easy, expeditious, and inexpensive, administrative difficulties flowing from court congestion, familiarity of the forum with the law that will govern the case, and avoidance of unnecessary problems of conflict of laws of the application of foreign law—are either inapplicable or neutral and weigh neither for nor against transfer to the Fort Worth Division.

Defendants and their documents necessary for trial are located in Arlington. Plaintiff and its documents are located in Dallas near Farmers Branch. Transferring this case to Fort Worth would, at best, only minimally decrease the overall burden on the parties. Additionally, technological advances have decreased the importance of this factor. This factor is therefore neutral. None of the parties has asserted that any witness resides beyond the court's subpoena power, nor do Defendants raise specific practical problems or difficulties arising from court congestion. These factors are also neutral. The factors involving familiarity with the law and possible conflict of law problems are not applicable in this case.

One factor—local interest—slightly favors a transfer to the Fort Worth Division. Defendants reside in Tarrant County and the alleged conduct made the basis of this lawsuit also occurred in

Tarrant County. Plaintiff's headquarters, however, are in Dallas. Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred, especially when the parties and witnesses reside in that locality. Plaintiff's residence in Dallas creates some local interest in this case, especially since Plaintiff has at least one Cantina Laredo restaurant in the Dallas Division. The alleged acts, however, are the basis of this lawsuit and thus outweigh the location of Plaintiff's headquarters. Local interest would therefore slightly favor a trial in the Fort Worth Division.

The other factor—cost of attendance for willing witnesses—weighs against a transfer to the Fort Worth Division. Defendants maintain that their nonparty witnesses would naturally be residents of Fort Worth since that is where any confusion over the alleged trademark infringement would have occurred. Defendants have not identified any nonparty Fort Worth witnesses, however. Defendants' blanket assertion that some defense witnesses will likely be Fort Worth residents is insufficient. *See F.T.C. v. Multinet Marketing, LLC*, 959 F. Supp. 394, 395 (N.D. Tex. 1997). Plaintiff, on the other hand, identifies Dallas resident Kate Murphy as the designer of the interior of Cantina Laredo with knowledge of the restaurant design and Plaintiff's trade dress. This factor therefore weighs against transfer.

The court thus determines that six factors are neutral, one factor weighs slightly in favor of transfer, and one weighs against transfer. On balance, the court concludes that the factors weigh against transferring this action to the Fort Worth Division. Defendants have not shown that Fort Worth is clearly more convenient than the venue chosen by Plaintiff and therefore have not met their burden on this motion. Accordingly, pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1404(a), the court **denies** Defendants' Motion for Interdivisional Transfer.

**Memorandum Opinion and Order – Page 5**

*Defendants are admonished that, unless a majority of factors clearly favors transfer, interdivisional transfers are rarely successful when the competing courthouses are only a short distance from each other. The courthouses in Dallas and Fort Worth are fewer than 35 miles apart. In light of the facts in this case, the motion to transfer served no purpose other than to consume scarce judicial resources.*

**It is so ordered** this 29th day of June, 2010.

                                        Sam A. Lindsay
                                        United States District Judge