IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EL CHICO RESTAURANTS OF TEXAS, INC. d/b/a CANTINA LAREDO**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:09-CV-2294-L** |
| **CHRISTOPHER CARROLL and MEXICAN INN OPERATIONS #2, LTD. d/b/a CASA RITA MEXICAN GRILL**, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Dismiss Defendants' Counterclaims for Failure to State a Claim, Motion to Strike Defendants' Counterclaims, and Motion for More Definite Statement, filed February 1, 2010. After careful consideration of the motion, response, reply, appendices, record, and applicable law, the court **denies** Plaintiff's Motion to Dismiss Defendants' Counterclaims for Failure to State a Claim, Motion to Strike Defendants' Counterclaims, and Motion for More Definite Statement.

Plaintiff El Chico Restaurants of Texas, Inc. d/b/a Cantina Laredo ("Plaintiff" or "Cantina Laredo") is a corporation with its principal place of business in Dallas, Texas. Defendant Mexican Inn Operations #2, Ltd. d/b/a Casa Rita's Mexican Grill ("Casa Rita's") has its principal place of business in Arlington, Texas. Defendant Christopher Carroll ("Carroll") resides in Arlington, Texas. Both Carroll and Casa Rita's (collectively, "Defendants") reside in Tarrant County, Texas.

This is a trademark infringement action originally filed on December 2, 2009. Defendants Carroll and Casa Rita's brought substantially identical counterclaims against Plaintiff in their answers filed December 28, 2009, and January 11, 2010, respectively. Cantina Laredo now moves to dismiss three of Defendants' counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff specifically identifies "Defendants' Counterclaims seeking: (1) cancellation of Plaintiff's mark; ([2]) a declaratory judgment that Plaintiff does not have a trade dress; and ([3]) a declaratory judgment [that] Defendant does not infringe Plaintiff's mark or trade dress." Pl.'s Br. in Supp. 5.[1] Plaintiff also asks the court to strike these counterclaims under Rule 12(f). Alternately, Plaintiff asks the court to require Defendant to provide a more definite statement of the facts supporting these counterclaims pursuant to Rule 12(e).

## II.     Legal Standard

### A.     Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

---

[1] Contrary to Plaintiff's assertion, Defendants' second counterclaim actually seeks declaratory judgment that *Defendants* do not have a trade dress. *See* Carroll's Answer ¶ 65 ("Defendant Carroll is entitled to a declaratory judgment of this Court, declaring that he does not have a trade dress."); Casa Rita's Answer ¶ 64 ("Mexican Inn is entitled to a declaratory judgment of this Court, declaring that it does not have a trade dress.").

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129

**Memorandum Opinion and Order – Page 3**

S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.    Motion to Strike

The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The court may act *sua sponte* or on motion made by a party either before the party responds to the pleading if a response is allowed or within 21 days of being served if a response is not allowed. *Id.* "[S]uch deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances." *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985). "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958) (Rives, J., concurring) (citation omitted).

### C.    More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but is so vague or ambiguous that the party cannot reasonably prepare a response." In ruling on such a motion, the court must determine whether the complaint "is so excessively vague and ambiguous as to be

unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quotation and citation omitted). The court should also look to the standards of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3).

**II.     Analysis**

Cantina Laredo contends that the court should dismiss three of Defendants' counterclaims under Rule 12(b)(6) because a counterclaim by a defendant seeking declaratory judgment on a subject matter already before the court is improper. Plaintiff also argues that the court should dismiss or strike the counterclaims under Rule 12(f) because the counterclaims are a "mirror image" of Plaintiff's declaratory judgment action and are redundant of Defendants' affirmative defenses. In support of these assertions, Plaintiff cites authority which is not binding on this court.[2]

Defendants respond that they have alleged facts sufficient to meet the pleading requirements and that any additional facts would be evidentiary. Defendants point to paragraphs 50-60 of their respective answers and assert that the facts pled provide fair notice to Plaintiff. Defendants also argue that their counterclaims are distinguishable from their affirmative defenses and from Plaintiff's

---

[2] Plaintiff cites various cases and court documents from district courts in Illinois, Indiana, and California, some of which are unreported. At least one of those cases points out that other district courts have refused to strike "mirror image" declaratory judgment claims. *Stickrath v. Globalstar, Inc.*, No. C07-1941 THE, 2008 U.S. Dist. LEXIS 95127, at *9 n.2 (N.D. Cal. May 13, 2008). Plaintiff also cites *Venable v. Keever*, 61 F. Supp. 2d 552, 556 (N.D. Tex. 1999), to support the proposition that "as a matter of law, the maintenance of a counterclaim by a defendant seeking declaratory judgment on a subject matter already before the court is improper." That was not this court's holding in the case. The passage cited by Plaintiff is merely a reference to a state court's holding on a related action previously brought between the *Venable* parties; the state court's holding was not expressly adopted by this court and is not binding on it.

**Memorandum Opinion and Order – Page 5**

claims. Defendants request leave to amend their counterclaims should the court find the counterclaims deficient.

In their first counterclaim, Defendants contend that the trademark "Casa Rita" translates as "house margarita" and is therefore "generic and/or descriptive" and not eligible for a trademark. Carroll's Answer ¶¶ 53-56; Casa Rita's Answer ¶¶ 53-56. Regarding their third counterclaim seeking declaratory judgment that they have not infringed Plaintiff's trademark or trade dress, Defendants assert that Plaintiff does not consistently use the interior decoration features that allegedly constitute its trade dress. Defendants argue that this makes it impossible for customers to identify these features with Plaintiff's restaurant as its trade dress. The court determines that Defendants have alleged sufficient facts on these two counterclaims to plead a legally cognizable claim and that Plaintiff has not carried its burden under either Rule 12(b)(6) or Rule 12(f).

With respect to their second counterclaim, Defendants seek declaratory judgments that they do not have a trade dress. Plaintiff apparently misunderstood this counterclaim, believing that Defendants were seeking a declaration that *Plaintiff* does not have a trade dress. Accordingly, Plaintiff has not advanced any arguments against Defendants' actual counterclaim. The court determines that the second counterclaim, as alleged, is sufficient to survive Plaintiff's challenges under Rule 12(b)(6) and Rule 12(f).

Moreover, Rule 8 provides that a party "may set out [two] or more statements of a claim or defense alternately or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). In addition, a party "may state as many separate claims or defenses as it has, regardless of consistency." *Id.* 8(d)(3). In light of the liberal pleading requirements of Rule 8, the

court declines to dismiss or strike any of Defendants' counterclaims under either Rule 12(b)(6) or Rule 12(f).

The court also notes that Plaintiff raises a new argument in its Reply, filed March 8, 2010, in regard to Defendants' first counterclaim seeking declaratory judgment invalidating Plaintiff's trademark "Casa Rita." Plaintiff argues that this counterclaim should be dismissed because there is no longer a substantial controversy between the parties on that issue. After Defendants filed their answers and counterclaims and after Plaintiff filed the motion now before the court, Plaintiff filed an unopposed motion to amend its complaint a second time. The court granted the motion, and Plaintiff amended accordingly on February 10, 2010. Plaintiff asserts that its Second Amended Complaint omitted its claim against Defendants for trademark infringement and that therefore no substantial controversy on this issue exists between the parties.

As the court indicated in the Scheduling Order issued February 19, 2010, once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies are highly disfavored and generally not permitted. Accordingly, the court does not ordinarily consider arguments raised for the first time in a reply because the nonmovant has not had the opportunity to address such issues. Because the court is unaware of any extraordinary circumstances that would warrant an exception to the usual procedure, and because Defendants would be prejudiced, the court declines to consider this argument. The court notes, however, that Plaintiff's contention is not particularly persuasive given that its Second Amended Complaint includes its original claim of common law trademark infringement and also retains various references to its federally-registered

trademark "Casa Rita" and to Defendants' alleged dilution of its word mark. *See* Pl.'s Second Am. Compl. ¶¶ 1, 2, 12, 13, 20, & 36.

Alternately, Plaintiff asserts that Defendants' counterclaims are so vague and ambiguous that it is unable to respond. As Defendants point out in their Response, Plaintiff evidently understood the counterclaims well enough to argue that they are redundant and "mirror images" of its own claims. Additionally, as discussed above, Defendants have alleged facts sufficient to plead a legally cognizable claim under Rules 8 and 12(b)(6). The court determines that Defendants' counterclaims are not "so excessively vague and ambiguous as to be unintelligible and as to prejudice the [counter] defendant seriously in attempting to answer" them. *Babcock*, 235 F.R.D. at 633.

### III. Conclusion

The court determines that Defendants have alleged facts sufficient to plead a legally cognizable claim and that Plaintiff has not carried its burden under either Rule 12(b)(6) or Rule 12(f). The court also determines that Plaintiff has not shown that Defendants' counterclaims are so excessively vague and ambiguous as to be unintelligible under Rule 12(e). The court accordingly **denies** Plaintiff's Motion to Dismiss Defendants' Counterclaims for Failure to State a Claim, Motion to Strike Defendants' Counterclaims, and Motion for More Definite Statement, filed February 1, 2010.

**It is so ordered** this 8th day of July, 2010.

*[signature]*
Sam A. Lindsay
United States District Judge