IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EL CHICO RESTAURANTS OF** | § | |
| **TEXAS, INC. d/b/a Cantina Laredo**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2294-L** |
| | § | |
| **CHRISTOPHER CARROLL,** | § | |
| **MEXICAN INN OPERATIONS #2,** | § | |
| **LTD. d/b/a Casa Rita Mexican Grill**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Extension of Time to Amend Scheduling Order and Reset Trial Date,[*] filed November 3, 2010. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendants' Motion for Extension of Time to Amend Scheduling Order and Reset Trial Date.

**I.      Background**

Plaintiff El Chico Restaurants of Texas, Inc. d/b/a Cantina Laredo ("Cantina Laredo" or "Plaintiff") filed this action on December 2, 2009. It sued Mexican Inn Operations #2, Ltd. d/b/a Casa Rita Mexican Grill and Christopher Carroll ("Defendants") primarily for trade dress infringement. Cantina Laredo asserts that the interior decor of its restaurant, located in downtown Fort Worth, is protectable as trade dress under common law. Cantina Laredo contends that the

---

[*]The title of the motion is incorrect. The relief Defendants seek is an amendment of the existing scheduling order, an extension of certain pretrial deadlines, and a reset of the current trial date.

**Memorandum Opinion and Order - Page 1**

interior of Casa Rita's, located several miles north of downtown Fort Worth, infringes that trade dress.

On February 19, 2010, the court issued its Scheduling Order, which set an April 4, 2011 trial date and various pretrial deadlines, including a December 3, 2010 discovery deadline. On September 8, 2010, the court denied without prejudice the joint request of the parties to extend deadlines because of the lack of request to move the trial date; however, the court granted the Amended Motion to Amend Scheduling Order, which extended the deadlines for designation of experts until September 24, 2010, for Cantina Laredo, and October 25, 2010, for Defendants. In addition, by Joint Stipulation Extending Time to Disclose Experts filed by the parties on September 24, 2010, the expert designation deadlines were further extended until October 8, 2010, for Cantina Laredo, and November 5, 2010, for Defendants.

## II.    Modification of Scheduling Order Standard

Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability

of a continuance to remedy such prejudice. *Id.* (internal quotation marks, brackets, and citations omitted).

## III. Analysis

### A. Contentions of Parties

Defendants contend that the delay that has resulted in this case is the result of a number of circumstances and not because of a lack of diligence on the part of counsel or any party. First, Defendants state that the parties desired to attempt to resolve this case through mediation prior to the expenditure of significant costs on multiple depositions in this case. Second, according to Defendants, the scheduling of these depositions and other activity in this case were also delayed by the testing, diagnosis and surgery for prostate cancer experienced by counsel for Defendants, which began in July and continued through his surgery on September 23, 2010. Further, Defendants assert that after counsel returned to full practice in October and was "catching up" on numerous items in his various cases, counsel for Plaintiff was out of state in depositions for another of his cases set for trial in January 2011. Finally, Defendants state that Plaintiff was in Pittsburgh, Pennsylvania during the last week in October and first week in November 2010 in depositions and thus unavailable to take depositions in this case. At the time this motion was filed only one deposition had been taken by the parties.

Plaintiff's sole opposition to this motion is that Defendants have not shown that the deadlines they seek to extend could not reasonably be met despite their diligence. As a result, Plaintiff contends that good cause does not exist to modify the scheduling order. Given the overall circumstances and posture of this case, the court disagrees.

### B. Discussion of Reasons Advanced by Defendants

First, the contentions made by Defendants as the underlying bases for the delay have not been rebutted by Plaintiff. In other words, Plaintiff merely states that Defendants made poor tactical decisions; however, the court would attach significantly more weight to this assertion had Plaintiff contested or disputed the underlying facts. This was not done.

Second, as the court earlier stated, only one deposition had been taken at the time the motion was filed, and the court is unaware that any additional depositions have been taken. Nothing in the record indicates that all necessary depositions could be taken by the discovery deadline. Plaintiff does not even make such an assertion. Obviously, in a case of this nature, the court expects a number of depositions to be taken by *both* sides. It would be fatuous to assume that key discovery is not needed by both sides. Discovery is indispensable to the parties' prosecution and defense of claims.

Third, the court also notes that an agreement on confidentiality as to the production and exchange of documents was not reached until some time in September, 2010, and the court signed the parties' Agreed Protective Order on September 13, 2010. The court does not know the reason for the lateness of the confidentiality agreement, but it doubts that the fault can be attributed solely to one side. In any event, it is common for litigants not to commence discovery until after a protective order or confidentiality agreement is in effect.

Fourth, and equally important, parties often try to resolve cases amicably through mediation or other means before engaging in extended and costly discovery. While the court is not particularly pleased with the progress of this case, it appears that *both* sides accepted, or did not oppose, the pace or progress of this case with respect to the approaching deadlines.

Fifth, there is the matter of prostate cancer, surgery, and subsequent recovery of Defendants' counsel. The matter needs no further discussion, except to say that it would necessarily result in some delay and that the delay was not the fault of any party or attorney.

Unquestionably, "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). The court cannot say that, given the totality of circumstances, this is a case where Defendants have been ineffective. The court is convinced that, given the parties' approach to this litigation and the discovery needed by Defendants (and Plaintiff), the discovery deadline, despite diligence on the part of Defendants, could not have been met by the discovery deadline.

### C. The Four Factors

As a final matter, the court addresses the four factors set forth in *S&W Enters.*, 315 F.3d at 535. With respect to the first factor, the court determines that Defendants have adequately explained why they are unable to meet the current discovery deadline and why it needs extending. Regarding the second factor, the importance of the needed discovery is obvious to the court. Without the discovery of certain key witnesses, Defendants cannot present an adequate defense to Plaintiff's claims. With respect to the third and fourth factors, the court determines that Plaintiff suffers no legal prejudice with respect to the prosecution of its claims. Extending the discovery deadline, certain pretrial deadlines, and the trial date in no way impairs Plaintiff's ability to prosecute its claims. As no prejudice results by extending the pretrial deadlines, the issue of a continuance to cure any potential prejudice is moot and quite beside the point.

While the "good cause" standard requires that amendment of a scheduling order is not to be taken lightly, it does not justify such a rigid and draconian interpretation that prevents a court from exercising its broad discretion in the interest of justice. The court has carefully weighed the four factors and determines that all weigh in favor of amending the scheduling order in this case.

## IV. Conclusion

For the reasons herein stated, the court determines that good cause exists to modify its scheduling order. Accordingly, the court **grants** Defendants' Motion for Extension of Time to Amend Scheduling Order and Reset Trial Date. The court will issue an amended scheduling order by separate order during the first week of January 2011.

**It is so ordered** this 30th day of December, 2010.

                                                                Sam A. Lindsay
                                                                United States District Judge